UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(PHILADELPHIA)

| | |
|---|---|
| IN RE:<br><br>**Phyllis P. Oliver,**<br>       **Debtor.** | CHAPTER 13<br><br>CASE NO.: 24-11429-amc |

**STIPULATION IN SETTLEMENT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

It is hereby stipulated by and between Hill Wallack, LLP, counsel for Carrington Mortgage Servicing, LLC as servicer for Deutsche Bank National Trust Company as Indenture Trustee for New Century Home Equity Loan Trust 2004-3 (**"Movant"**), and Michael A. Cibik, Esquire, counsel for the Debtor, as follows:

1. The Automatic Stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. The Stipulation pertains to the property located at **6222 N 10th Street, Philadelphia, Pennsylvania 19141** (the **"Property"**).

3. The Debtor currently has a post-petition arrearage of **$6,090.92** representing the monthly payments due on the First Mortgage from **May 1, 2024** through **August 1, 2024** (4 months @ $1,210.48/mo.), minus **$0.00** in suspense and Attorney's Fees and Cost in the amount of **$1,050.00** plus **$199.00**.

4. Debtor is to file an Amended Chapter 13 Plan within **thirty (30) days** of this Order incorporating the post-petition arrears in the amount of **$6,090.92** to the pre-petition arrears in the amount of **$169,546.90** per the **Proof of Claim # 2-1** filed **July 3, 2024** for a total of **$175,637.82** to be cured over the life of the Plan.

5. Beginning **September 1, 2024**, Debtor shall commence payment of the regular monthly payment in the amount of **$1,210.48**, subject to adjustment on proper notice.

6. Should the Debtor fail to make any of the Post-Petition Monthly Payments due or file the amended Plan then Movant shall send Debtor and counsel a written Notice of Default of this Stipulation. If the default is not cured within **fifteen (15) days** of the date of the Notice, counsel shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay waiving **FED. R. Bankr. P. 3002.1** and waiving **Rule 4001 (a)(3)** so that the Relief Order is immediately effective and enforceable.

7. In the event the Debtor converts to a Chapter 7 during the pendency of this bankruptcy case, the Debtor shall cure all arrears within **ten (10) days** from the date of conversion in order to bring the loan contractually current. Should the Debtor fail to bring the loan contractually current, Movant shall send Debtor and counsel a written Notice of Default of this Stipulation. If the default is not cured within **ten (10) days** of the date of the Notice, counsel shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay waiving **FED. R. Bankr. P. 3002.1** and waiving **Rule 4001 (a)(3)** so that the Relief Order is immediately effective and enforceable.

8. Debtor's tendering of a check to Movant, which is subsequently returned due to insufficient funds in the account upon which the check is drawn, shall not constitute payment as the term is used in this Stipulation.

9. The parties stipulate that Movant shall be permitted to communicate with the Debtor and Debtor's Counsel to the extent necessary to comply with applicable non-bankruptcy law.

        10.   The parties agree that a facsimile signature shall be considered an original signature.

/s/Angela C. Pattison
Angela C. Pattison, Esquire
Counsel for Movant

/s/ E.J. Gruber
E.J. Gruber, Esq.
Counsel for Debtor

**NO OBJECTION – WITHOUT PREJUDICE TO ANY TRUSTEE RIGHTS OR REMEDIES**

/s/Jack Miller
Jack Miller, Esq.
for Kenneth E. West,
Chapter 13 Trustee